IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CV-1-FL

| | |
|---|---|
| MATTHEW ROBERT PAGAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EDWARD J. MCMAHON )<br>sheriff of New Hanover County, in his )<br>individual and official capacity; OFFICER J )<br>M LAVALLEE in his individual and )<br>official capacity; OFFICER T R )<br>WILLIAMS in his individual and official )<br>capacity; OFFICER K P PETRONE in his )<br>individual and official capacity; OFFICER )<br>C WOODS in his individual and official )<br>capacity; OFFICERS AND JAIL )<br>EMPLOYEES JOHN AND JANE Does 1- )<br>10 in their individual and official capacities )<br>representing jail guards of New Hanover )<br>County Detention Facility and/or other )<br>employees, including supervisory officials )<br>whose identities are currently unknown, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court upon joint motion (DE 79) by plaintiff and defendants Officer JM Lavallee ("Lavallee"), Officer KP Petrone ("Petrone"), and Officer TR Williams ("Williams") (collectively, with plaintiff, the "parties") "for clarity of the Court's Order" entered July 13, 2023 (DE 73) (the "court's July 13, 2023, order").[1] In particular, the parties seek "clarification from the Court as to the single issue of whether the [court's order] allowed any claims

---

[1] Also pending is the parties' joint report and plan pursuant to Federal Rule of Civil Procedure 26(f) (DE 80), which the court will address by separate order.

against the City of Wilmington to proceed," including specifically a claim under a theory of "vicarious liability." (DE 79 at 4).

The court hereby provides clarification that the court's July 13, 2023, order did not allow any claims against City of Wilmington to proceed, including any claim under a theory of vicarious liability. In furtherance of this clarification, the court notes the following concerning plaintiff's suggestion of a claim against City of Wilmington under a theory of vicarious liability in the instant motion. First, plaintiff did not mention such a claim in either his motion to amend (DE 67 at 1) or in its reply in support of the motion (DE 72 at 7-8). Second, in his proposed second amended complaint, plaintiff asserted a "Seventh Cause of Action" for "Negligence of the Individually Named Defendants," and plaintiff did not include City of Wilmington as a defendant in this claim. (E.g. DE 67-1 at 20). Third, the court's July 13, 2023, order did not mention a theory of vicarious liability in allowing plaintiff to proceed with his negligence claim against individual defendants Lavallee, Williams, and Petrone. (DE 73 at 11). Fourth, while the proposed second amended complaint, as well as the second amended complaint as filed, includes one sentence asserting "[t]he municipal Defendants are vicariously liable for the negligent acts of [the] named individual Defendants under respondeat superior liability," (e.g., DE 67-1 ¶ 112; DE 74 ¶ 110), this is a conclusory legal assertion and it is not made as part of a cause of action specified against the City of Wilmington.

Finally, plaintiff has not demonstrated in the instant motion that the City of Wilmington is a proper party to this action under a theory of vicarious liability, on the basis of the allegations in the second amended complaint. Plaintiff asserts that municipal defendants "can be vicariously liable in damages for negligent performance by their officers and agents of duties which are specifically imposed by municipal charter or by special statutes." (DE 79 at 4) (emphasis added).

2

Case 7:22-cv-00001-FL   Document 81   Filed 09/13/23   Page 2 of 3

Plaintiff cites a string of North Carolina cases, but none of these are more recent than 1923. The North Carolina Supreme Court has since noted it "has not yet addressed the issue of whether an employer may be held vicariously liable for the negligence of its employee" in one context. Camalier v. Jeffries, 340 N.C. 699, 713 (1995). Moreover, plaintiff does not address how vicarious liability intersects with concepts of public official immunity addressed in the court's March 27, 2023, and July 13, 2023, orders. (See, e.g., March 27, 2023, Order (DE 66) at 13; July 13, 2023, Order at 11).

In sum, to the extent plaintiff seeks to assert a claim of vicarious liability against the City of Wilmington, plaintiff must properly assert and support such a claim through allegations in a proposed further amended complaint, and in a motion for leave to file the same.

## CONCLUSION

Based on the foregoing, the court CLARIFIES that it did not allow any claim to proceed against the City of Wilmington in the court's July 13, 2023, order, including any claim under a theory of vicarious liability. In addition, on its own initiative, the hereby CORRECTS an inadvertent scrivener's error at page 11, line 6, of its July 13, 2023, order, as follows: strike the reference to "5)" and replace with "6)". All other terms and conditions in the court's July 13, 2023, order not altered herein shall remain in full force and effect.

SO ORDERED, this the 13th day of September, 2023.

LOUISE W. FLANAGAN
United States District Judge